# Hammerly *v.* Mercantile Trust & Deposit Co.

*Petition in Pending Suit for Establishment of Priority of Employe's Claim over Lien of Bondholders of a Corporation.*

1. *Receiver; claims of employes of corporation have not priority over those of bondholders of corporation.*—The claims of the employes of a railroad corporation for services rendered recently before and up to the time of the appointment of a receiver of said corporation, in a foreclosure suit brought by the mortgage bondholders, are not entitled to be paid out of the assets of the corporation in the hands of the receiver in priority of the bondholders, where it is not shown that any part of the gross income of the company, either during the receivership or prior thereto, has been diverted from the payment of current expenses and appropriated directly or indirectly to the benefit of the bondholders.

APPEAL from the City Court of Birmingham, in Equity.

Heard before the Hon. H. A. SHARPE.

Upon a bill filed by the Mercantile Trust & Deposit Company, receivers were appointed for the Mary Lee

Coal & Railway Company. By the decree appointing said receivers, a reference was ordered to be held before the register, in order that creditors claiming to have a lien might bring their claims before the register for adjudication. The receivers operated the property after their appointment, until it was sold by a decree of the court foreclosing a deed of trust, which was made to the Mercantile Trust & Deposit Company. Among the claims propounded was that of the appellant, J. H. Hammerly. The register in making his report, ascertained that there was due the appellant, J. H. Hammerly, the sum of $354.93. In the matter of his claim, it was submitted upon the following agreed statement of facts: "It is hereby agreed to be admitted as a fact that each of said parties were employes of the Mary Lee Coal & Railway Company on, upon and about the operation of its said railway within six months prior and up to the time of the appointment of the receivers in said cause. It is admitted that the said Mary Lee Coal & Railway Company was organized as a corporation under the provisions contained in the Code of Alabama, in Chapter 5, part 2, title 1 of said Code; and that under and by virtue of the provisions of section 1563 of the Code of Alabama it constructed, and prior to the appointment of the receivers, and up to the time of such appointment, as well as since then by its receivers, it operated, its line of railway in connection with the mines, from East Birmingham to the Mary Lee Mines at or near Lewisburg in Jefferson County, Alabama, and that said corporation during all of said time exercised the powers authorized and conferred by that section to transport for all persons who would apply, persons or property on its said railway between its termini, a distance of about seven miles; and during the year 1890 ran its trains over other connecting roads into the union passenger station at Birmingham, for about seven months; that it received fares or compensation for its services in transporting freight and passengers, exercised powers of a common carrier, authorized by said section, and carried the mails to Lewisburg.

"It is further admitted that during the months of July, August, September and October, 1893, petitioner,

J. H Hammerly was employed by the said Mary Lee Coal & Railway Company as a locomotive engineer in running a locomotive upon its said railroad, and said company became indebted to the said Hammerly for his services as such locomotive engineer during said months as shown by the account attached to his petition in the sum of $304.54 which is still due and unpaid, together with interest thereon."

Upon the coming in of the report of the register, together with the agreement of the parties, the chancellor confirmed said report, so far as it related to the claim of the defendant, J. H. Hammerly, but decreed "that in the distribution of the proceeds of that part of the property of the defendant corporation, which is embraced in said mortgage, the said bonds secured by said mortgage shall be first paid before any part thereof shall be applied to the payment of either of the claims, respectively," of J. H. Hammerly and others. From this decree the appellant, Hammerly, appeals, and assigns the rendition thereof as error.

JAS. E. WEBB, for appellant.—The claim of the appellant was for services rendered to the Mary Lee Company in keeping its railroad a going concern. Such railroad was a *quasi* public corporation and as much a railroad, though only seven miles long, as if it had been seven hundred miles long.—*Randolph v. Pose,* 93 U. S. 504.

The general principle which declares the wages of laborers who render services to railroad corporations, entitled to priority of payment, was first, authoritatively settled in *Fosdick v. Schall,* 99 U. S. 235, and has been repeatedly reaffirmed by the Supreme Court of the United States, although in many of the cases different reasons have been assigned.—*Meyer v. Johnson,* 53 Ala. 237; *Bank v. Moore,* 106 Ala. 649; *Trust Co. v. Souther,* 107 U. S. 594; *Bernham v. Bowen,* 111 U. S. 777.

See also *Farmers L. & T. Co. v. K. C. & W. R. R. Co.,* 53 Fed. Rep. 182; *Wood v. N. Y. R. R. Co.,* 70 Fed. Rep. 743; *Douglas v. Cline,* 12 Bush 608.

The payment of such preferred debts is not limited to income which may have come. to the hands of the receivers; but may be made out of the proceeds of the corpus of the mortgaged property. This is so, because by keeping the road a going concern and giving it an increased sale value the bondholder is just as much benefitted in the payment of his bonded debt, principle and interest, as if that same amount had been realized by the corporate earnings either before or after receivership. The following cases establish this proposition.—*Meyer v. Johnson,* 53 Ala. 349; *St. Louis R. R. Co. v. Cleveland Railway,* 125 U. S. 673, and cases there cited; 39 Central Law Journal, 241, 242; Gluck and Beck on Receivers, § 637; *Union Trust Co. v. Souther,* 107 U. S. 591.

JOHN P. TILLMAN and ALEX T. LONDON, *contra.*—By this proceeding, appellant seeks to further extend the doctrine announced in *Drennen v. Mercantile Trust & Deposit Co.,* 115 Ala. 592. Giving the fullest scope to the decision in the *Drennen Case,* it can not be carried to the length here insisted upon.

McCLELLAN, C. J.—The question in this case is whether a railway employe who has a claim against the railway corporation for services rendered recently before and up to the time of the appointment of a receiver in a foreclosure suit brought by the mortgage bondholders is entitled to be paid out of the assets of the corporation in the hands of the receiver in priority to the bondholders, *it not being shown that any part of the gross income of the company, either during the receivership or prior thereto, has been diverted from the payment of current expenses and appropriated directly or indirectly to the benefit of the bondholders.* This question has been so directly decided in the negative, and upon such thorough consideration and discussion, that we need do no more here than cite *Fosdick v. Schall,* 99 U. S. 235; *Drennen v. Mercantile Trust & Deposit Co.,* 115 Ala. 592.

Affirmed.